Merrimack,
No. 4420.

LOUIS C. WYMAN, *Attorney General v.* WILLARD UPHAUS.

Argued September 6, 1955.

Decided September 28, 1955.

*Louis C. Wyman,* Attorney General (by brief and orally), for the plaintiff.

*Nighswander, Lord & Bownes* (*Mr. Bownes* orally), for the defendant.

LAMPRON, J. Laws 1953, c. 307, authorized and directed the Attorney General, "to make full and complete investigation with respect to violations of the subversive activities act of 1951 [Laws 1951, c. 193] and to determine whether subversive persons as defined in said act are presently located within this state." For that purpose he was authorized "to require by subpoena . . . the attendance of such witnesses and the production of such correspondence, books, papers and documents, and . . . to take such testimony . . . as he deems advisable." There is no issue in this case as to the legality of the authority thus granted. See *Nelson* v. *Wyman,* 99 N. H. 33.

Upon the failure of the defendant to comply fully with a subpoena issued under such authority by the Attorney General in conjunction with a hearing held by him on September 27, 1954, he filed a petition with the Superior Court under the provisions of R. L., c. 370, ss. 17, 18. These sections read as follows: "17. PETITION. Whenever any official or board is given the power to summon witnesses and take testimony, but has not the power to punish for contempt, and any witness refuses to obey such summons, either as to his appearance or as to the production of things

specified in the summons, or refuses to testify or to answer any question, a petition for an order to compel him to testify or his compliance with the summons may be filed in the superior court, or with some justice thereof. 18. PROCEDURE. Upon such petition the court or justice shall have authority to proceed in the matter as though the original proceeding had been in the court, and may make orders and impose penalties accordingly."

Both parties agree that personal service of process within the jurisdiction involved is essential to confer upon a tribunal jurisdiction to proceed *in personam* against a nonresident. *Nottingham* v. *Company*, 84 N. H. 419, 421. They differ, however, on whether this requirement has been met in this case.

It is agreed that there was personal service on Uphaus in this jurisdiction of the subpoena to appear before the Attorney General on September 27, 1954. His failure to comply fully with its requirements resulted in the filing of the petition before us. The plaintiff argues that service of the petition on the defendant in this state was not required since the proceedings in Superior Court are merely a continuation of and auxiliary to the hearing held by him on September 27. He further argues that sections 17 and 18 of Revised Laws, chapter 370, were not intended to divest the administrative official of jurisdiction obtained by a proper subpoena lawfully issued and served within the bounds of the state. *Hubley* v. *Goodwin*, 90 N. H. 54, 56; *Mauzy* v. *Mauzy*, 97 N. H. 514, 516; see *Cudahy Packing Co.* v. *National Labor Relations Board*, 117 F. (2d) 692; *Goodyear Tire & Rubber Co.* v. *National Labor Relations Board*, 122 F. (2d) 450.

The question in issue is not the jurisdiction of the Attorney General under his subpoena but rather that of the Superior Court under the petition filed with it. This petition seeks to have the Superior Court propound to the defendant the same questions as were asked him by the Attorney General and in the event he persists in the same answer that he be adjudged in contempt of the Superior Court.

"It is essential to the power to punish for contempt that the Court have jurisdiction both of the subject matter and of the person, and authority to render a judgment on the facts adduced." 17 C. J. S. 80. We are of the opinion that the purpose of the following words in R. L., c. 370, s. 18, "the court . . . shall have authority to proceed in the matter as though the original proceeding had been in the court" is to grant to the Court jurisdiction over the subject

matter and not to make the proceedings ancillary to and a mere continuation of the hearing before the Attorney General. All matters properly inquired into by the Attorney General under Laws 1953, c. 307, or by any other "official or board" (R. L., c. 370, s. 17) would not necessarily come within the jurisdiction of the Superior Court, hence the need of the above grant of authority over the subject matter. We therefore see no intent manifested in said sections 17 and 18 to contravene the general and well established principle of law that there must be personal service in this jurisdiction on a nonresident defendant to give the Court jurisdiction over his person. *Eaton* v. *Badger*, 33 N. H. 228; *Nottingham* v. *Company*, 84 N. H. 419, 421; 42 Am. Jur. 63, 64; Restatement, Judgments, *s*. 14.

The only personal service upon the defendant in this jurisdiction was service of a subpoena requiring that he appear on September 27, 1954, before the Attorney General or his duly authorized nominee. This can hardly be deemed to be notice to appear in answer to a proceeding before the Superior Court. The only notice of the petition to the Court was admittedly served in Connecticut, where the defendant is domiciled. This was insufficient to confer jurisdiction upon the Court over the person of the defendant.

While it is not clear that the Court based its decision on waiver of the defendant's special appearance by reason of certain statements of his counsel (*Lyford* v. *Academy*, 97 N. H. 167, 168), we are of the opinion from an examination of the whole record that as a matter of law a finding of waiver could not be sustained.

*Exceptions sustained.*

All concurred.